IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A.T.,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | Civil No. 1:26-cv-05598-MWJS<br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 221-370-642 |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Marco A.T.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Petitioner entered the country without inspection in approximately October 2022. *Marco A.A.T. v. Cal. City Corr. Ctr.*, No. 1:26-cv-03194-MWJS, 2026 WL 1736084, at *1 (E.D. Cal. June 15, 2026). Following an arrest by local law enforcement in March 2026, Petitioner was transferred to the custody of Immigration and Customs Enforcement (ICE). *Id.* ICE then commenced removal proceedings against Petitioner pursuant to 8 U.S.C. § 1229a. *Id.*

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

In his first habeas petition, Petitioner argued that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* The court granted the petition in part, and Petitioner received a bond hearing on June 22, 2026. *See* Status Report, *Marco A.A.T.*, No. 1:26-cv-03194-MWJS (E.D. Cal. June 22, 2026), Dkt. No. 19. At the conclusion of that hearing, an immigration judge denied Petitioner's request for a change in custody status. *Id.*

The next day, Petitioner signed a second habeas petition. *See Marco A.A.T. v. Warden, California City Det.*, No. 1:26-cv-04974-MWJS, 2026 WL 1911698 (E.D. Cal. July 2, 2026). In his second petition, Petitioner argued that his detention was unlawful because of its duration. At the time, Petitioner had been detained for three months. *Id.* at *1. On July 2, 2026, the court denied the petition after concluding that the duration of Petitioner's detention was presumptively reasonable, and that Petitioner had not provided good reason to believe his detention was not reasonably necessary to bring about his removal. *Id.*

Less than two weeks later, Petitioner signed the petition now before the court. Dkt. No. 1, at pg. 8. In his current petition, although Petitioner describes the circumstances that led to his detention and the effects of that detention on his family, he does not allege why his current detention is unlawful. *Id.* at pg. 6. The petition must therefore be dismissed. *See Feliciano v. Warden of Mesa Verde Det. Facility*, No. 1:25-cv-02031-KES-SKO (HC), 2026 WL 63646, at *1 (E.D. Cal. Jan. 8, 2026) (explaining that

habeas petition must be dismissed when it plainly appears that the petitioner is not entitled to relief), *report and recommendation adopted*, No. 1:25-cv-2031 KES SKO (HC), 2026 WL 461043 (E.D. Cal. Feb. 18, 2026).

At one point, Petitioner states that he has been detained for "well over 90 days." Dkt. No. 1, at pg. 7. But as the court previously explained, detention under 8 U.S.C. § 1226(a) is presumptively reasonable for six months. *See Marco A.A.T.*, 2026 WL 1911698, at *1; *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008) (concluding that detention spanning more than three years, "while lengthy, [was] not indefinite"). Petitioner's detention still has not exceeded that threshold. And Petitioner has not otherwise provided good reason to believe that his relatively short period of detention is not reasonably necessary to bring about his removal.

Petitioner also states that he appealed the immigration judge's June 22, 2026, decision to the Board of Immigration Appeals (BIA) on July 9, 2026. Dkt. No. 1, at pg. 2. The current record does not reflect, however, that the BIA has decided that appeal. Thus, it does not appear that Petitioner exhausted his administrative remedies prior to filing his current petition. *See Francisco C.T. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-04353-MWJS, 2026 WL 2163564, at *1–2 (E.D. Cal. July 27, 2026) (dismissing habeas petition because petitioner did not satisfy prudential exhaustion).

Finally, the court again reminds Petitioner that if his circumstances materially change, he may request another bond redetermination hearing before an immigration

judge. *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). To exhaust his administrative remedies, Petitioner must then seek review by the BIA and await its decision. *See* 8 C.F.R. 1003.19(f); *Rodriguez Diaz*, 53 F.4th at 1197.

The court therefore DISMISSES the petition without prejudice. Considering the foregoing, any outstanding motions are DENIED without prejudice. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: August 4, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge